IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 1 0 2009 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

DR. ASIM MALIK, ASIM MALIK, M.D., P.C. and
ASIM MALIK, MD  as Member of the AMM
PROSPECT PARK FAMILY LIMITED PARTNERSHIP,

Docket
No.: **09 — 2473**

                    Plaintiffs,                    NOTICE OF REMOVAL

          -against-

LAKEVIEW OWNERS CORP., CHRISTINE PRESTIA,     **MATSUMOTO, J.**
RICHARD LEVINE, CYNTHIA ISAACS, BOARD
OF DIRECTORS OF THE LAKEVIEW OWNERS          REYES, M.J
CORP., PETER BURGESS MANAGEMENT and
WENTWORTH PROPERTY MANAGEMENT, INC.,

                    Defendants.
--------------------------------------------------------------------X

To the Judges of the United States District Court for the Eastern District of New York:

          The defendants, LAKEVIEW OWNERS CORP., CHRISTINE PRESTIA, RICHARD

LEVINE, CYNTHIA ISAACS, BOARD OF DIRECTORS OF THE LAKEVIEW OWNERS

CORP., PETER BURGESS MANAGEMENT and WENTWORTH PROPERTY

MANAGEMENT, INC. respectfully state:

1.        An action was commenced against defendants in the Supreme Court of the State of New

York in and for the County of Kings, entitled *Dr. Asim Malik, et al., Plaintiffs, against Lakeview

Owners Corp., et al., Defendants*, Index No. 2049/2009, by the filing of the Summons with

Notice and subsequent filing and purported service upon defendants of a Supplemental Summons

and Complaint, copies of which are annexed hereto. Service was purportedly made upon

Lakeview Owners Corp. on May 12, 2009 by mail, and upon all other defendants on May 28,

2009 by personal delivery. No further proceedings have been had therein.

2.        The above described action is a civil action of which this court has original jurisdiction

{00013076;2 }

under the provisions of 28 U.S.C.§1331 and is one which may be removed to this court by the

defendants therein, pursuant to the provisions of 28 U.S.C. §1441, in that the complaint asserts

claims that the defendants violated federal statute, namely the Federal Civil Rights Act of 1964

(42 U.S.C §§1983, 1985, 1986) by allegedly discriminating against plaintiffs on the basis of race,

religion and national origin.

     **WHEREFORE**, defendants pray that the above action now pending against them in the

Supreme Court of New York in and for the County of Kings, be removed therefrom to this

Court.

Dated: New York, New York
      June 9, 2009

                    KAGAN LUBIC LEPPER
                    LEWIS GOLD & COLBERT, LLP

              By:

                    Joseph G. Colbert, Esq. (JC-6240)
                    Attorneys for Defendants
                    200 Madison Ave., 24th Floor
                    New York, New York 10016
                    (212) 252-0300

To:    Ardito & Ardito, LLP
       Attorneys for Plaintiffs
       659 Franklin Avenue
       Franklin Square, New York 11010
       (516) 825-0500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-------------------------------------------------------------------X

DR. ASIM MALIK, ASIM MALIK, M.D., P.C. and
ASIM MALIK, MD as Member of the AMM PROSPECT
PARK FAMILY LIMITED PARTNERSHIP,

                  Plaintiffs,

               -against-

LAKEVIEW OWNERS CORP., CHRISTINE PRESTIA,
RICHARD LEVINE, CYNTHIA ISAACS,
BOARD OF DIRECTORS OF THE LAKEVIEW OWNERS
CORP., PETER BURGESS MANAGEMENT and
WENTWORTH PROPERTY MANAGEMENT, INC.,

                  Defendants.

-------------------------------------------------------------------X

**SUPPLEMENTAL
SUMMONS**

Index No.: 09/2049

TO THE ABOVE NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance on the Plaintiff's Attorney within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete if this Summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded herein.

                                           **Dated**: May 11, 2009

Defendant's Address:
Lakeview Owners Corp.,
c /o Import R E Mgmt
111-17a Roosevelt Ave 2nd Fl, Corona, New York, 11368-2625

Christine Prestia
185 Prospect Park Southwest, #509
Brooklyn, New York 11218

Richard Levine
185 Prospect Park Southwest, #509
Brooklyn, New York 11218

Cynthia Isaacs
185 Prospect Park Southwest, #509
Brooklyn, New York 11218

Board of Directors of the Lakeview Owners Corp.
185 Prospect Park Southwest, #509
Brooklyn, New York 11218

Peter Burgess Management
25 Washington Street
Brooklyn, New York 11201

Wentworth Management
2160 Hempstead Turnpike, 2nd Floor
East Meadow, New York 11554

**Notice:** the nature of this action is for damages for constructive eviction from the premises located at Apartment 102, 185 Prospect Park SW, Brooklyn, New York 11218; damages for breach of a lease contract; negligence; invasion of privacy and violations of plaintiff's civil rights.

**The relief sought is judgment against the defendant for an amount to be proved at trial, but believed to exceed $100,000.00.**

UPON YOUR FAILURE TO APPEAR, JUDGMENT WILL BE TAKEN AGAINST YOU, PLUS COSTS OF THIS ACTION AND REASONABLE ATTORNEYS' FEES.

John A. Ardito, Esq.
Ardito & Ardito, LLP
Attorneys for the Plaintiffs,
659 Franklin Avenue,
Franklin Square, New York 11010
(516) 825-0500

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
DR. ASIM MALIK, ASIM MALIK, M.D., P.C. and
ASIM MALIK, MD as Member of the AMM PROSPECT
PARK FAMILY LIMITED PARTNERSHIP,

                               Plaintiff,

       -against-

LAKEVIEW OWNERS CORP., CHRISTINE PRESTIA,
RICHARD LEVINE, CYNTHIA ISAACS
BOARD OF DIRECTORS OF THE LAKEVIEW OWNERS
CORP, PETER BURGESS MANAGEMENT, and
WENTWORTH PROPERTY MANAGEMENT, INC.,

                               Defendants.
-----------------------------------------------------------------------X

Index No.: 09/2049
**AMENDED
VERIFIED COMPLAINT**

Plaintiffs-Tenants, Dr. Asim Malik, Asim Malik M.D., P.C. and ASIM MALIK, MD, as
Member of the AMM PROSPECT PARK FAMILY LIMITED PARTNERSHIP,
(hereinafter "Malik" or "Plaintiffs" or "Tenants"), by their attorneys Law Offices of
Ardito & Ardito LLP for its complaint herein, respectfully shows to the Court and alleges
as follows, upon information and belief:

## INTRODUCTION

     Plaintiffs are the tenants in a 33 year proprietary lease of the premises which is
the subject matter of this action and an owner of 164 shares in the Defendants'
cooperative. Since 2004 the Plaintiffs' unit in the subject premises has repeatedly
suffered damage from instances of backed-up sewage and/or flooding. The Plaintiffs have
repeatedly advised the Defendants and complained of said instances of flooding. One
such instance occurred in or around June 2007 and forced the Plaintiffs to shut down a
valuable medical practice. Plaintiffs thereafter attempted to convert the unit to residential
property to mitigate their financial hardship but have come up against sustained and
unreasonable resistance from the Defendants, Lakeview Owners Corp., Christine Prestia,
Board of Directors of the Lakeview Owners Corp. (hereinafter "Lakeview BOD"),
Richard Levine and Cynthia Isaacs.

     Said Defendants have continually refused to meet its contractual obligations to
repair the damage to Plaintiff's unit and have prevented the Plaintiffs from exercising

their rights under the lease to repair/remodel or otherwise convert the unit to residential property. Upon information and belief, the treatment of Plaintiffs has been racially motivated.

## THE PARTIES

### A. THE TENANT

1)  Plaintiff, Asim Malik M.D, P.C. was and at all times hereinafter mentioned still is a domestic New York corporation which is owned solely by Asim Malik. M.D., a licensed physician residing in the County of Nassau.

2)  Plaintiff, Asim Malik, M.D. and DR. Asim Malik, was and at all times hereinafter mentioned still is an individual residing in the State of New York, County of Nassau and is still a member of the AMM Prospect Park Family Limited Partnership.

3)  At all times hereinafter mentioned, the Plaintiffs were and are the tenants of Apartment 102, 185 Prospect Park SW, Brooklyn, New York 11218 (the "Premises") pursuant to a written lease agreement by and between Malik, as tenant, and Lakeview Owners Corp. (hereinafter "Lakeview" or "Defendant"), as landlord. Said Lease Agreement dated December 21, 2001, and provides for a thirty three (33) year term which is set to expire on December 31, 2034 (the "Lease").

4)  The Plaintiffs also own 164 shares in Lakeview, a cooperative which owns and manages the building at 185 Prospect Park SW, Brooklyn, New York.

5)  Until June 2007, the Plaintiff, Asim Malik, M.D., maintained and operated a commercially valuable medical practice at the Premises.

### B. THE LANDLORD

6)  The Defendant, Lakeview, is a domestic business corporation with offices at 111-17A Roosevelt Avenue, 2nd Floor, Corona, New York and is authorized to do business in the State of New York.

7)  Upon information and belief, the Defendant, Lakeview, is the current owner and landlord of the building located at 185 Prospect Park SW, Brooklyn, New York 11218, Apartment 102 and has leased the Premises to the Plaintiffs since December of 2001.

### C. COOPERATIVE BOARD PRESIDENT

8)  The Defendant, Christine Prestia, is the President of Lakeview Owners Corp., the cooperative which owns and manages the building located at 185 Prospect Park SW, Brooklyn, New York.

### D. COOPERATIVE VICE PRESIDENT

9)  The Defendant, Cynthia Isaacs, is the Vice President of Lakeview Owners Corp., the cooperative which owns and manages the building located at 185 Prospect Park SW, Brooklyn, New York.

### E. MANAGING AGENT OF BUILDING

10) The Defendant, Wentworth Management, (hereinafter "Wentworth") is the Managing Agent of the building known as 185 Prospect Park SW, Brooklyn, New York 11218.

11) Upon information and belief, Wentworth Management is a duly licensed business with a principal place of business at 2160 Hempstead Tpke., 2nd Fl., East Meadow, New York 11554.

12) Upon information and belief, said Defendant was in charge of managing the premises from on or about January 2009 to the present.

### F. MANAGING AGENT OF BUILDING

13) The Defendant, Peter Burgess Management, (hereinafter "Burgess") was the Managing Agent of the building known as 185 Prospect Park SW, Brooklyn, New York 11218.

14) Upon information and belief, Peter Burgess Management is a duly licensed business with a principal place of business at 25 Washington Street, Brooklyn, New York 11201.

15) Upon information and belief, said Defendant was in charge of managing the premises from on or about March 1, 2004 through December 31, 2008.

### G. BOARD MEMBER

16) The Defendant, Richard Levine, is a member of the Board of Directors of the

Lakeview Owners Corp., the cooperative which owns and manages the building known as 185 Prospect Park SW, Brooklyn, New York 11218.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Sewage Problems

17) In December 2001, Lakeview and Malik entered into a proprietary Lease Agreement for the aforementioned Premises. Said lease commenced on December 21, 2001 and is set to expire on December 31, 2034.

18) The Lease Agreement reads in relevant part as follows:

"2. The Lessor shall at its expense keep in good repair all of the Building including all of the Apartments, the sidewalks and courts surrounding the same, and its equipment and apparatus...
"4. (a) If the Apartment or the means of access thereto of the Building shall be damaged by fire or other cause covered by multiperil policies commonly carried by corporations owning cooperative residential buildings in New York City..., the Lessor shall at its own cost and expense, with reasonable dispatch after receipt of notice of such damage, repair or replace or cause to be replaced, with materials of a kind and quality then customary in buildings of the type of the Building, the Building, the Apartment, and the means of access thereto, including the walls, floors, ceilings, pipes, wiring and conduits in the Apartment...
(b) In case the damage resulting from fire or other cause shall be so extensive as to render the Apartment wholly untenantable, or if means of access thereto shall be destroyed, the rent hereunder shall proportionately abate until the Apartment shall be rendered tenantable and/or the means of access restored as the case may be...
"10. The Lessee, upon paying rent and performing the covenants and complying with the conditions on the part of the Lessee to be performed as herein set forth, shall at all times during the term hereby granted, quietly have, hold and enjoy the Apartment without any let, suit, trouble or hindrance from the Lessor..."

19) From December 2001 until June 2007, Plaintiffs maintained a medical office at the Premises.

20) In or around 2004, Plaintiff began to experience difficulties with flooding/sewage

backup in his unit and gave written and verbal notice of the issues to Defendants.

21) That on January 31, 2004, Lakeview forwarded a letter to the Plaintiff which responded to the Plaintiff's complaints about sewage backup. Said letter explained that the problem was most likely associated with a broken drain pipe and Lakeview was anticipating hiring a plumbing engineer to correct the defect and address the Plaintiff's concerns.

22) Despite Lakeview's correspondence dated January 31, 2004, the sewage backup problem continued prompting additional complaints by the Plaintiffs.

23) By 2007 the consistent reoccurrence of the sewage issues had become a severe hindrance to Plaintiff's ability to safely practice medicine in the unit.

24) By 2007 the consistent reoccurrence of the sewage issues had become a severe hindrance to the profitability of Plaintiff's medical practice operating within the premises.

25) In or around June 2007, Plaintiff's unit suffered severe damage as a result of a backed-up sewer/drain.

26) The sewage backup emanated from pipes and drains common to the cooperative Building and were the responsibility of the Defendants pursuant to the terms of the Lease.

27) Due to the unsafe and unsanitary conditions in his cooperative unit, Plaintiff immediately discontinued his medical practice pending reparations, causing him substantial monetary losses and preventing the Plaintiffs from utilizing the premises for its intended use.

28) Plaintiff gave notice to the Defendants of the extensive damage to the premises, who, upon information and belief, hired a plumber to inspect and repair an outside drain which had led to the back-up. Defendants nonetheless failed and refused to repair the internal damage to Plaintiff's unit in breach of its obligations under the clear terms of the Lease Agreement.

29) Plaintiff continued to request that Defendants repair the damage caused to his unit pursuant to the terms of the Lease, but the Defendants repeatedly refused to make any repairs to the premises.

30) As a result of the Defendants' repeated refusals to repair the premises in accordance with the Lease, the Plaintiff eventually undertook to repair the damage at his own cost and expense.

31) By late 2007, Plaintiff had lost all of his patients at said practice and the Premises could no longer be operated as a viable business.

32) As a result of the aforementioned delays and damage Plaintiff, "Malik", lost substantial revenue, patients of the medical practice and good will.

## Plaintiff Attempts to Convert the Property

33) In or around January 2008 and subsequent to the meeting/inspection by the Board of Directors, Plaintiffs, in light of the fact that the Premises no longer had commercial viability, desired to convert the unit into its original state as a single family residential unit.

34) Plaintiffs conversion of the premises into a one family residential unit was permitted by the terms of the lease and the Certificate of Occupancy.

35) Paragraph 14 and Paragraph 21 of the Lease read in relevant part as follows:

"14. (b)... Lessee may use the Apartment for any home occupation use permitted under applicable zoning law, building code or other rules and regulations or governmental authorities having jurisdiction...
"21. (a) The Lessee shall not, without first obtaining the written consent of the Lessor, **which consent shall not be unreasonably withheld or delayed**, make in the Apartment or Building, or on any roof, Penthouse, terrace or balcony appurtenant thereto any alteration..."
(Emphasis added).

36) Subsequent to the meeting/inspection by the Board of Directors Plaintiffs requested written consent from the Defendants to make the necessary alterations to the premises.

37) Upon receiving the Plaintiff's written request to effectuate the necessary alterations to the premises, Lakeview unreasonably withheld their consent and delayed providing a decision in breach of the terms of the Lease, thereby causing the Plaintiff to halt the commencement of any renovations.

38) Based on the Defendants' conduct, Plaintiffs have been continually deprived of the beneficial use and enjoyment of the premises since June 2007.

## AS AND FOR A FIRST CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

39) Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs marked and designated "1" through "38" of this Verified Complaint with the same force and effect as if more fully set forth at length herein.

40) At all times hereinafter mentioned, the Plaintiffs duly performed all the conditions and requirements of the subject Lease Agreement.

41) Defendants' actions in failing to properly maintain the premises known as 185 Prospect Park SW, Brooklyn, New York caused the sewage backup to Plaintiffs' premises and amounted to a breach of contract.

42) Defendants' actions in failing and refusing to make the necessary repairs/modifications to Plaintiff' premises inclusive of the sewer and drain lines, amounted to a wrongful breach of contract.

43) Defendants' actions in failing and refusing to cooperate with Plaintiff's attempts to convert the premises and amounted to a wrongful breach of contract.

44) Defendants' actions in unreasonably withholding and delaying consent to Plaintiff's proposed alterations of the premises and also amounted to a wrongful breach of contract.

45) By reason of the Defendant's actions, the Plaintiff has been continually deprived and prevented from the beneficial use and enjoyment of said premises and was compelled to and did abandon the medical practice once operated therein.

46) By reason of the Defendant's attempts to block his conversion of the Premises to residential property, Plaintiffs have been unable to complete the renovations of the property.

47) As a result of the foregoing, Plaintiffs have been constructively evicted from the Premises known as Apartment 102, 185 Prospect Park SW, Brooklyn, New York, 11218 and is entitled to damages in an amount to be determined at trial, but in any event no lower than the difference between the actual rental value of the property at the time of eviction and the rent for the unexpired portion of the lease.

## AS AND FOR A SECOND CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

48) Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs marked and designated "1" through "47" of this Verified Complaint with the same force and effect as if more fully set forth at length herein.

49) On the 21st day of December, 2001, the parties entered into a written lease agreement concerning the subject premises.

50) Defendants' actions in failing to properly maintain the premises known as 185 Prospect Park SW, Brooklyn, New York caused the sewage backup to Plaintiffs' premises and amounted to a breach of contract.

51) Defendants have breached the lease agreement between the parties in that Defendants have failed to make necessary repairs in accordance with its contractual obligations.

52) Defendants have further breached the lease contract between the parties in unreasonably withholding and delaying consent to Plaintiff's alterations of the Premises.

53) As a result of the foregoing, Plaintiff is entitled to abatement of rent pursuant to Paragraph 4(b) of the Lease Agreement and Plaintiff is further entitled to damages for breach of contract in an amount to be proved at trial for the cost of all repairs performed at the premises at the Plaintiff's sole cost and expense.

## AS AND FOR A THIRD CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

54) Plaintiffs repeat and reiterate the allegations contained in paragraphs marked and designated "1" through "53" of this complaint with full force and effect as if more fully set forth at length herein.

55) That the Plaintiff, Asim Malik, M.D. is of Pakistani descent.

56) The corporate Plaintiff, ASIM MALIK M.D., P.C., is wholly owned by Asim Malik, M.D.

57) Upon information and belief, none of the other similarly-situated property owners in the building are of Pakistani descent.

58) Upon information and belief, the Defendants, with the exception of

"Wentworth", in the application of its rules and regulations were selectively applied to Dr. Malik, compared with other residents who were similarly situated.

59) Upon information and belief, the defendants', with the exception of "Wentworth" discriminatory acts were based on impermissible considerations and were purposeful and intentionally discriminatory.

60) Upon information and belief, the defendants', with the exception of "Wentworth", treatment of plaintiff in a manner different than that afforded similarly-situated property owners was intentional, irrational, and based on their own personal animus and dislike of plaintiff.

61) In addition, and upon information and belief, the defendants' with the exception of "Wentworth" discriminatory acts were based on wholly arbitrary and irrational considerations which caused the defendants to sabotage and delay plaintiff's applications and plans to effectuate the conversion of the premises.

62) The conduct and actions of the defendants, acting under color of state law, was done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did deprive plaintiff of his right to property, liberty, due process and equal protection of the laws, all of which are afforded to Plaintiff under the First and Fourteenth Amendments to the United States Constitution.

63) The above discriminatory pattern and practice based on, among other things, plaintiff's national origin, and therefore violates 42 U.S.C. 2000d, Title VI of the Civil Rights Act of 1964, as amended, which prohibits discrimination under any program or activity receiving federal financial assistance on the ground of race, color, religion, or national origin.

64) From June 2007 to the present date, plaintiff has suffered economic and emotional harm, has incurred substantial expenses for hiring attorneys, architects, engineers, and the like in attempting to enforce his contractual rights and has suffered severe emotional distress, embarrassment, humiliation, pain, anxiety, inconvenience, and frustration, lost substantial time and energy in other personal and business endeavors, and has lost substantial business and income as a result of the defendants' discriminatory practices.

65) Accordingly, pursuant to the Constitution of the United States of America, 42 U.S.C. 1983, and the Constitution of the State of New York, plaintiff seeks compensatory and punitive damages from the defendants to the extent allowable by law, collectively and individually, in a sum to be determined at trial but no less than $10 million dollars.

**AS AND FOR A FOURTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF**

66) Plaintiff repeats and reiterates the allegations contained in paragraphs marked and designated "1" through "65" of this complaint with full force and effect as if more fully set forth at length herein.

67) That the Plaintiff has a property interest in and legitimate claim of entitlement to operate the medical office during normal and customary business hours, similar to other professional offices in the building.

68) The defendants infringed on plaintiff's property rights by failing to correct or prevent the damage caused by sewage issues within their building which subsequently damaged the Plaintiff's premises and led to the closing of his medical office.

69) The Defendants infringed on the Plaintiff's property rights by failing to approve building permits necessary to effectuate the conversion of the Plaintiff's premises thereby causing him substantial hardship.

70) The defendants have violated plaintiffs' substantive due process rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution, Art. 1, §6 of the New York State Constitution, and applicable federal and state law.

71) Accordingly, pursuant to 42 U.S.C. 1983, plaintiffs seek compensatory and/or punitive damages from the defendants to the extent allowable by law, collectively and individually, in a sum to be determined at trial but no less than $10 million dollars.

**AS AND FOR A FIFTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF**

72) Plaintiff repeats and reiterates the allegations contained in paragraphs marked and designated "1" through "71" of this Verified Complaint with full force and effect as if more fully set forth at length herein.

73) The above discriminatory pattern and practice, including but not limited to defendants' selective enforcement of their policies, denied plaintiffs their right to equal protection of the local, state and federal laws.

74) By deciding more favorably and expeditiously for similarly-situated applicants who are not of Pakistani descent, the defendants intentionally subjected plaintiff to discrimination, and denied him his liberty and property rights, in violation of the New York State Constitution and the United States Constitution.

75) Defendants, with the exception of "Wentworth" knew and/or had reason to know that their actions would deprive the plaintiffs of equal protection under the laws, yet the defendants agreed to and did conspire with each other to deprive plaintiff of such rights and took actions in furtherance of said conspiracy as described herein, all in violation of 42 U.S.C 1985.

76) As a result, plaintiff was injured in his person and property and deprived of the rights and privileges he is entitled to as a matter of law.

77) Upon information and belief, none of the defendants took any actions to reverse, correct, modify, or prevent the above-described pattern and practice of discrimination against plaintiff, in violation of 42 U.S.C. 1986 which states, in part, that liability lies with anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in Section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing in the commission of the same, neglects or refuses to do so." 42 U.S.C. 1986.

78) From June 2007 to the present date, plaintiff has suffered economic and emotional harm, has incurred substantial expenses for hiring attorneys, architects, engineers, and the like in trying to renovate and repair the damage caused by Landlord's negligence and has suffered severe emotional distress, embarrassment, humiliation, pain, anxiety, inconvenience, and frustration, lost substantial time and energy in other personal and business endeavors, and has lost substantial business and income as a result of the closure of his medical office.

79) Accordingly, pursuant to 42 U.S.C. 1985, plaintiffs seek compensatory and punitive damages from said defendants to the extent allowable by law, collectively and individually, in a sum to be determined at trial but no less than $10 million dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

80) Plaintiff repeats and reiterates the allegations contained in paragraphs marked and designated "1" through "79" of this Verified Complaint with full force and effect as if more fully set forth at length herein.

81) That throughout the Plaintiff's tenancy within the premises the Defendants have routinely substantially and unreasonably interfered with the Plaintiff's use and enjoyment of the subject property.

82) That throughout the Plaintiff's tenancy within the premises the Defendants failed to correct or prevent the damage caused by sewage/drain issues within their building which subsequently damaged the Plaintiff's premises and ultimately led to the closing of his medical office.

83) That on or about November 5, 2007, the Defendants intentionally discontinued electrical power solely to the plaintiff's unit without the Plaintiff's consent.

84) That the Defendants have delayed and unreasonably refused to permit the Plaintiff to convert the use of the premises from commercial to residential purposes.

85) That the Defendants actions have substantially and unreasonably interfered with the plaintiff's individual use or enjoyment of the subject property of which the plaintiff actually possesses.

86) Plaintiff is entitled to damages based on the Defendants actions in substantially and unreasonably interfering with the Plaintiff's use and enjoyment of the subject property, in an amount to be determined by a trier of facts.

## AS AND FOR A SEVENTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

87) Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs marked and designated "1" through "86" of this Verified Complaint with the same force and effect as if more fully set forth at length herein.

88) That pursuant to the terms of the Lease Agreement, the Defendants had a duty to maintain the premises known as 185 Prospect Park SW, Brooklyn, New York, including all common areas, drains, sewer liner and pipes located therein.

89) That pursuant to the Landlord/Tenant relationship between the Plaintiffs and Defendants, the Defendants had a duty to ensure the Plaintiff's quiet enjoyment of the premises.

90) Upon information and belief, the Defendants contracted with, selected and delegated their responsibility to maintain the subject premises, including the common areas, drains, sewer lines and pipes located therein to the Defendants, Peter Burgess Management and Wentworth Property Management, Inc.

91) That said Defendants therefore had a duty to maintain the premises and prevent any sewage/drain backups which may occur thereon.

92) That throughout the terms of the Lease, the Plaintiffs routinely notified the Defendants about sewage/drain backups occurring at the subject premises.

93) That on January 31, 2004, the Defendants forwarded a letter to the Plaintiffs acknowledging that the sewage backups occurring at the subject premises was due to a broken drain pipe and indicating that corrective measures were being taken to correct said problem.

94) That despite the Defendants representations, the sewage backup problem continued to occur, prompting additional complaints by the Plaintiffs.

95) In or around June 2007, the Plaintiff's unit suffered severe damage as a result of a backed-up sewer.

96) The Defendants' conduct in failing to correct, remedy, locate and prevent the aforementioned sewage/drain backup, despite being on notice of same, amounted to a breach of the Defendants duty owed to the Plaintiffs/Tenants.

97) That the actions of the Defendants in failing to correct, remedy, locate and prevent the aforementioned sewage backup proximately caused the damage to the Plaintiffs premises and the resulting financial damages to the Plaintiffs medical practice and loss of good will.

98) As a result of the negligence of the Defendants, the Plaintiffs have been damaged in an amount to be determined by a trier of facts.

**WHEREFORE**, Plaintiff demands judgment as follows: (i) on the first cause of action declaring that the defendant has actually partially evicted the plaintiff from the demised premises and/or appurtenances thereto, thus suspending plaintiff's obligation to pay the rent under the lease until tenant is restored to possession thereof; (ii) on the second cause of action in an amount to be determined by a trier of fact; (iii) on the third cause of action in the amount Ten Million ($10,000,000.00) Dollars; (iv) on the fourth cause of action in the amount Ten Million ($10,000,000.00) Dollars (v) on the fifth cause of action in the amount Ten Million ($10,000,000.00) Dollars; (vi) on the sixth cause of action in an amount to be determined by a trier of fact; (vii) on the seventh cause of action in an amount to be determined by a trier of fact; together with such other, further and different relief as the Court may deem just and proper.


DATED: Franklin Square, New York
        May 11, 2009




                                    Yours etc.,
                                    **LAW OFFICES OF ARDITO &
                                    ARDITO LLP**

                            By: _____
                                    JOHN A. ARDITO, ESQ.
                                    Counsel for Plaintiffs
                                    659 Franklin Avenue
                                    Franklin Square, New York 11010
                                    (516) 825-0500

STATE OF NEW YORK, COUNTY OF                    ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification** certify that the annexed

has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation** say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

. I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of            is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

..........................................................
(Print signer's name below signature)

STATE OF NEW YORK, COUNTY OF **NASSAU**        ss:

☒ **Individual Verification** **ASIM MALIK, MD** being sworn says: I am    **a Plaintiff**
in the action herein; I have read the annexed **SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT**
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

the           of

☐ **Corporate Verification** a corporation, one of the parties to the action; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

**CONVERSATIONS AND REVIEW OF RECORDS**

Sworn to before me on  May 11, 2009

JOHN A. ARDITO
NOTARY PUBLIC, STATE OF NEW YORK
NO. 30-4983699
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES JULY 8, 2011

..........................................................
(Print signer's name below signature)

**ASIM MALIK, MD**

STATE OF NEW YORK, COUNTY OF                 ss:

being sworn says: I am not a party to the action, am over 18 years of age and reside at

On                          , I served a true copy of the annexed

in the following manner:

☐ **Service by Mail** by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ **Personal Service** by delivering the same personally to the persons at the address indicated below:

☐ **Service by Electronic Means** by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ **Overnight Delivery Service** by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on

ALL-STATE LEGAL®
07161-BF • 07162-BL • 07163-GY • 07164-WH
800.222.0510  www.aslegal.com

*Index No.* 2049/2009          *Year 20*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

DR. ASIM MALIK, ASIM MALIK, M.D., P.C. and ASIM MALIK, M.D. as member of the
AMM PROSPECT PARK FAMILY LIMITED PARTNERSHIP

                                                    Plaintiffs,

                              -against-

LAKEVIEW OWNER'S CORP., CHRISTINE PRESTIA, RICHARD LEVINE, CYNTHIA ISAACS,
BOARD OF DIRECTORS OF THE LAKEVIEW OWNERS CORP., PETER BURGESS MANAGEMENT
and WENTWORTH PROPERTY MANAGEMENT, INC.,
                                                    Defendants.

SUPPLEMENTAL SUMMONS AND AMENDED VERIFIED COMPLAINT

**Law Offices of
ARDITO & ARDITO, LLP**

*Attorneys for*

**PLAINTIFFS**
659 FRANKLIN AVENUE
FRANKLIN SQUARE, NY 11010
(516) 825-0500

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State,
certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed
document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not
obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are
not participating in the matter or sharing in any fee earned therefrom, and that (ii) if the matter involves potential
claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* May 11, 2009                    Signature ................................................

                                         Print Signer's Name.......   JOHN A. ARDITO, ESQ.

*Service of a copy of the within*

*Dated:*                                                          *is hereby admitted.*

                                         ............................................................
                                         *Attorney(s) for*

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY
   *that the within is a (certified) true copy of a
   entered in the office of the clerk of the within-named Court on*                20

☐ NOTICE OF SETTLEMENT
   *that an Order of which the within is a true copy will be presented for settlement to the
   Hon.
   at*                                           *, one of the judges of the within-named Court,*
   *on*                         20          *, at*              *M.*

*Dated:*

                                                        **Law Offices of
                                                        ARDITO & ARDITO, LLP**

                                         *Attorneys for*

*To:*

                                                        659 FRANKLIN AVENUE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X

DR. ASIM MALIK,

                          Plaintiff,


                     -against-


LAKEVIEW OWNERS CORP.,

                          Defendant.
-------------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT

Index No.: 2049/2009
Date Filed: 1/28/2009

Plaintiff designates Kings
County as the place of trial

The basis of Venue is
CPLR §507

**SUMMONS
WITH NOTICE**

**COPY**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance on the Plaintiff's Attorney within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete if this Summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded herein.

                                          **Dated**: January 27, 2009

Defendant's Address:
Lakeview Owners Corp.,
c /o Import R E Mgmt
111-17a Roosevelt Ave 2nd Fl, Corona, New York, 11368-2625

**Notice:** the nature of this action is for damages for constructive eviction from the premises
located at Apartment 102, 185 Prospect Park SW, Brooklyn, New York 11218; damages for
breach of a lease contract; invasion of privacy and violations of plaintiff's civil rights.

**The relief sought is judgment against the defendant for an amount to be proved at trial, but
believed to exceed $100,000.00**

    UPON YOUR FAILURE TO APPEAR, JUDGMENT WILL BE TAKEN AGAINST
YOU, PLUS COSTS OF THIS ACTION AND REASONABLE ATTORNEYS' FEES.

                          John A. Ardito, Esq.
                          Ardito & Ardito, LLP
                    Attorneys for the Plaintiff,
                    659 Franklin Avenue,
                Franklin Square, New York 11010
                      (516) 825-0500

ALL-STATE LEGAL®
07181-BF • 07182-BL • 07183-GY • 07184-VN
800 222 0510 www.aslegal.com

*Index No.*                          *Year 20* 09

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF KINGS

DR. ASIM MALIK,

                            Plaintiff,

         -against-

LAKEVIEW OWNERS CORP.,

                          Defendant.

SUMMONS WITH NOTICE

Law Offices of
**ARDITO & ARDITO, LLP**

*Attorneys for*

Plaintiff

659 FRANKLIN AVENUE
FRANKLIN SQUARE, NY 11010
(516) 825-0500

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* January 27, 2009                *Signature* .......................................................

                             *Print Signer's Name* .. John A. Ardito, Esq.

*Service of a copy of the within* ...................................                    *is hereby admitted.*

*Dated:*

                             *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within-named Court on*                    20
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*
SETTLEMENT   *at* ........................................ *, one of the judges of the within-named Court,*
      *on* ........................ 20 ........ *, at* ........................ M.

*Dated:*

                                   Law Offices of
                           **ARDITO & ARDITO, LLP**

                 *Attorneys for*

                           659 FRANKLIN AVENUE

Index # 2049/2009
Purchased/Filed: January 28, 2009

## AFFIDAVIT OF SERVICE ON A CORPORATION BY THE SECRETARY OF STATE

State of New York                    Supreme Court                    Kings County

Dr Asim Malik                                                          Plaintiff

against

Lakeview Owners Corp                                                   Defendant

**COPY**

STATE OF NEW YORK )
COUNTY OF ALBANY  )SS
CITY OF ALBANY    )

**DESCRIPTION OF PERSON SERVED:**                    Approx. Age: __45 yrs__

Weight: __155 Lbs__  Height: __5'5__  Sex: __Female__  Color of skin: __White__

Hair color: __Blonde__  Other: _____

_____ __Faith Cozzy__ _____, being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ __February 24, 2009__ ____, at __9:50 AM__ , at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

_____ __Summons with Notice__ _____ on

_____ __Lakeview Owners Corp__ _____, the

Defendant in this action, by delivering to and leaving with _____ __Donna Christie__ _____,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of _____ __40__ ____ dollars; That said service

was made pursuant to Section __BUSINESS CORPORATION LAW §306__ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

__24th__ day of _____ __February, 2009__

_____
NANCY L. GOBBON
NOTARY PUBLIC, State of New York
No. 01GO450730, Rensselaer County
Commission Expires June 30, 2011

_____
Faith Cozzy

Invoice·Work Order # 0903608

# NYS Department of State

## Division of Corporations

**Entity Information**

Selected Entity Name: LAKEVIEW OWNERS CORP.

Selected Entity Status Information

**Current Entity Name:** LAKEVIEW OWNERS CORP.
**Initial DOS Filing Date:** AUGUST 31, 1983
**County:** KINGS
**Jurisdiction:** NEW YORK
**Entity Type:** DOMESTIC BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
LAKEVIEW OWNERS CORP.
C/O IMPORT R E MGMT
111-17A ROOSEVELT AVE 2ND FL
CORONA, NEW YORK, 11368-2625

**Chairman or Chief Executive Officer**
MAY FISHER
185 PROSPECT PARK SW
BROOKLYN, NEW YORK, 11218

**Principal Executive Office**
LAKEVIEW OWNERS CORP.
C/O IMPORT R E MGMT
111-17A ROOSEVELT AVE 2ND FL
CORONA, NEW YORK, 11368-2625

**Registered Agent**
NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results          New Search

Division of Corporations, State Records and UCC Home Page    NYS Department of State Home Page

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
ASIM MALIK M.D., P.C. and ASIM MALIK, MD as
Member of the AMM PROSPECT PARK FAMILY
LIMITED PARTNERSHIP

Index No.: 09/2049

                              Plaintiff,

              -against-                              **VERIFIED COMPLAINT**

LAKEVIEW OWNERS CORP., CHRISTINE PRESTIA,
RICHARD LEVINE, CYNTHIA ISAACS
BOARD OF DIRECTORS OF THE LAKEVIEW OWNERS
CORP, PETER BURGESS MANAGEMENT, and
WENTWORTH PROPERTY MANAGEMENT, INC.,

                              Defendants.
-------------------------------------------------------------------X
Plaintiffs-Tenants, Asim Malik M.D., P.C. and  ASIM MALIK, MD as
Member of the AMM PROSPECT PARK FAMILY LIMITED PARTNERSHIP,
(hereinafter "Malik" or "Plaintiffs" or "Tenants"), by their attorneys Law Offices of
Ardito & Ardito LLP for its complaint herein, respectfully shows to the Court and alleges
as follows, upon information and belief:

## INTRODUCTION

        Plaintiffs are the tenants in a 33 year proprietary lease of the premises which is

the subject matter of this action and an owner of 164 shares in the Defendants'

cooperative. Since 2004 the Plaintiffs' unit in the subject premises has repeatedly

suffered damage from instances of backed-up sewage and/or flooding. The Plaintiffs have

repeatedly advised the Defendants and complained of said instances of flooding. One

such instance occurred in or around June 2007 and forced the Plaintiffs to shut down a

valuable medical practice. Plaintiffs thereafter attempted to convert the unit to residential

property to mitigate their financial hardship but have come up against sustained and

unreasonable resistance from the Defendants, Lakeview Owners Corp., Christine Prestia,

Board of Directors of the Lakeview Owners Corp. (hereinafter "Lakeview BOD"),

Richard Levine and Cynthia Isaacs.

Said Defendants have continually refused to meet its contractual obligations to repair the damage to Plaintiff's unit and have prevented the Plaintiffs from exercising their rights under the lease to repair/remodel or otherwise convert the unit to residential property. Upon information and belief, the treatment of Plaintiffs has been racially motivated.

## THE PARTIES

### A. THE TENANT

1)  Plaintiff, Asim Malik M.D, P.C. was and at all times hereinafter mentioned still is a domestic New York corporation which is owned solely by Asim Malik. M.D., a licensed physician residing in the County of Nassau.

2)  Plaintiff, Asim Malik, M.D., was and at all times hereinafter mentioned still is an individual residing in the State of New York, County of Nassau and is still a member of the AMM Prospect Park Family Limited Partnership.

3)  At all times hereinafter mentioned, the Plaintiffs were and are the tenants of Apartment 102, 185 Prospect Park SW, Brooklyn, New York 11218 (the "Premises") pursuant to a written lease agreement by and between Malik, as tenant, and Lakeview Owners Corp. (hereinafter "Lakeview" or "Defendant"), as landlord. Said Lease Agreement dated December 21, 2001, and provides for a thirty three (33) year term which is set to expire on December 31, 2034 (the "Lease").

4)  The Plaintiffs also own 164 shares in Lakeview, a cooperative which owns and manages the building at 185 Prospect Park SW, Brooklyn, New York.

5)  Until June 2007, the Plaintiff, Asim Malik, M.D., maintained and operated a commercially valuable medical practice at the Premises.

### B. THE LANDLORD

6)  The Defendant, Lakeview, is a domestic business corporation with offices at 111-17A Roosevelt Avenue, 2nd Floor, Corona, New York and is authorized to do business in the State of New York.

7)  Upon information and belief, the Defendant, Lakeview, is the current owner and

landlord of the building located at 185 Prospect Park SW, Brooklyn, New York 11218, Apartment 102 and has leased the Premises to the Plaintiffs since December of 2001.

## C. COOPERATIVE BOARD PRESIDENT

8) The Defendant, Christine Prestia, is the President of Lakeview Owners Corp., the cooperative which owns and manages the building located at 185 Prospect Park SW, Brooklyn, New York.

## D. COOPERATIVE VICE PRESIDENT

9) The Defendant, Cynthia Isaacs, is the Vice President of Lakeview Owners Corp., the cooperative which owns and manages the building located at 185 Prospect Park SW, Brooklyn, New York.

## E. MANAGING AGENT OF BUILDING

10) The Defendant, Wentworth Management, (hereinafter "Wentworth") is the Managing Agent of the building known as 185 Prospect Park SW, Brooklyn, New York 11218.

11) Upon information and belief, Wentworth Management is a duly licensed business with a principal place of business at 2160 Hempstead Tpke., 2nd Fl., East Meadow, New York 11554.

12) Upon information and belief, said Defendant was in charge of managing the premises from on or about January 2009 to the present.

## F. MANAGING AGENT OF BUILDING

13) The Defendant, Peter Burgess Management, (hereinafter "Burgess") was the Managing Agent of the building known as 185 Prospect Park SW, Brooklyn, New York 11218.

14) Upon information and belief, Peter Burgess Management is a duly licensed business with a principal place of business at 25 Washington Street, Brooklyn, New York 11201.

15) Upon information and belief, said Defendant was in charge of managing the premises from on or about March 1, 2004 through December 31, 2008.

## G. BOARD MEMBER

16) The Defendant, Richard Levine, is a member of the Board of Directors of the Lakeview Owners Corp., the cooperative which owns and manages the building known as 185 Prospect Park SW, Brooklyn, New York 11218.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### Sewage Problems

17) In December 2001, Lakeview and Malik entered into a proprietary Lease Agreement for the aforementioned Premises. Said lease commenced on December 21, 2001 and is set to expire on December 31, 2034.

18) The Lease Agreement reads in relevant part as follows:

> "2. The Lessor shall at its expense keep in good repair all of the Building including all of the Apartments, the sidewalks and courts surrounding the same, and its equipment and apparatus...
> "4. (a) If the Apartment or the means of access thereto of the Building shall be damaged by fire or other cause covered by multiperil policies commonly carried by corporations owning cooperative residential buildings in New York City..., the Lessor shall at its own cost and expense, with reasonable dispatch after receipt of notice of such damage, repair or replace or cause to be replaced, with materials of a kind and quality then customary in buildings of the type of the Building, the Building, the Apartment, and the means of access thereto, including the walls, floors, ceilings, pipes, wiring and conduits in the Apartment...
> (b) In case the damage resulting from fire or other cause shall be so extensive as to render the Apartment wholly untenantable, or if means of access thereto shall be destroyed, the rent hereunder shall proportionately abate until the Apartment shall be rendered tenantable and/or the means of access restored as the case may be...
> "10. The Lessee, upon paying rent and performing the covenants and complying with the conditions on the part of the Lessee to be performed as herein set forth, shall at all times during the term hereby granted, quietly have, hold and enjoy the Apartment without any let, suit, trouble or hindrance from the Lessor..."

19) From December 2001 until June 2007, Plaintiffs maintained a medical office at the Premises.

20) In or around 2004, Plaintiff began to experience difficulties with flooding/sewage backup in his unit and gave written and verbal notice of the issues to Defendants.

21) That on January 31, 2004, Lakeview forwarded a letter to the Plaintiff which responded to the Plaintiff's complaints about sewage backup. Said letter explained that the problem was most likely associated with a broken drain pipe and Lakeview was anticipating hiring a plumbing engineer to correct the defect and address the Plaintiff's concerns.

22) Despite Lakeview's correspondence dated January 31, 2004, the sewage backup problem continued prompting additional complaints by the Plaintiffs.

23) By 2007 the consistent reoccurrence of the sewage issues had become a severe hindrance to Plaintiff's ability to safely practice medicine in the unit.

24) By 2007 the consistent reoccurrence of the sewage issues had become a severe hindrance to the profitability of Plaintiff's medical practice operating within the premises.

25) In or around June 2007, Plaintiff's unit suffered severe damage as a result of a backed-up sewer/drain.

26) The sewage backup emanated from pipes and drains common to the cooperative Building and were the responsibility of the Defendants pursuant to the terms of the Lease.

27) Due to the unsafe and unsanitary conditions in his cooperative unit, Plaintiff immediately discontinued his medical practice pending reparations, causing him substantial monetary losses and preventing the Plaintiffs from utilizing the premises for its intended use.

28) Plaintiff gave notice to the Defendants of the extensive damage to the premises, who, upon information and belief, hired a plumber to inspect and repair an outside drain which had led to the back-up. Defendants nonetheless failed and refused to repair the internal damage to Plaintiff's unit in breach of its obligations under the clear terms of the Lease Agreement.

29) Plaintiff continued to request that Defendants repair the damage caused to his unit pursuant to the terms of the Lease, but the Defendants repeatedly refused to make any repairs to the premises.

30) As a result of the Defendants' repeated refusals to repair the premises in

accordance with the Lease, the Plaintiff eventually undertook to repair the damage at his own cost and expense.

31) By late 2007, Plaintiff had lost all of his patients at said practice and the Premises could no longer be operated as a viable business.

32) As a result of the aforementioned delays and damage Plaintiff, "Malik", lost substantial revenue, patients of the medical practice and good will.

### Plaintiff Attempts to Convert the Property

33) In or around January 2008 and subsequent to the meeting/inspection by the Board of Directors, Plaintiffs, in light of the fact that the Premises no longer had commercial viability, desired to convert the unit into its original state as a single family residential unit.

34) Plaintiffs conversion of the premises into a one family residential unit was permitted by the terms of the lease and the Certificate of Occupancy.

35) Paragraph 14 and Paragraph 21 of the Lease read in relevant part as follows:

"14. (b)... Lessee may use the Apartment for any home occupation use permitted under applicable zoning law, building code or other rules and regulations or governmental authorities having jurisdiction...
"21. (a) The Lessee shall not, without first obtaining the written consent of the Lessor, **which consent shall not be unreasonably withheld or delayed,** make in the Apartment or Building, or on any roof, Penthouse, terrace or balcony appurtenant thereto any alteration..."
(Emphasis added).

36) Subsequent to the meeting/inspection by the Board of Directors Plaintiffs requested written consent from the Defendants to make the necessary alterations to the premises.

37) Upon receiving the Plaintiff's written request to effectuate the necessary alterations to the premises, Lakeview unreasonably withheld their consent and delayed providing a decision in breach of the terms of the Lease, thereby causing the Plaintiff to halt the commencement of any renovations.

38) Based on the Defendants' conduct, Plaintiffs have been continually deprived of

the beneficial use and enjoyment of the premises since June 2007.

## AS AND FOR A FIRST CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

39) Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs marked and designated "1" through "38" of this Verified Complaint with the same force and effect as if more fully set forth at length herein.

40) At all times hereinafter mentioned, the Plaintiffs duly performed all the conditions and requirements of the subject Lease Agreement.

41) Defendants' actions in failing to properly maintain the premises known as 185 Prospect Park SW, Brooklyn, New York caused the sewage backup to Plaintiffs' premises and amounted to a breach of contract.

42) Defendants' actions in failing and refusing to make the necessary repairs/modifications to Plaintiff' premises inclusive of the sewer and drain lines, amounted to a wrongful breach of contract.

43) Defendants' actions in failing and refusing to cooperate with Plaintiff's attempts to convert the premises and amounted to a wrongful breach of contract.

44) Defendants' actions in unreasonably withholding and delaying consent to Plaintiff's proposed alterations of the premises and also amounted to a wrongful breach of contract.

45) By reason of the Defendant's actions, the Plaintiff has been continually deprived and prevented from the beneficial use and enjoyment of said premises and was compelled to and did abandon the medical practice once operated therein.

46) By reason of the Defendant's attempts to block his conversion of the Premises to residential property, Plaintiffs have been unable to complete the renovations of the property.

47) As a result of the foregoing, Plaintiffs have been constructively evicted from the Premises known as Apartment 102, 185 Prospect Park SW, Brooklyn, New York, 11218 and is entitled to damages in an amount to be determined at trial, but in any event no lower than the difference between the actual rental value of the property at the time of eviction and the rent for the unexpired portion of the lease.

## AS AND FOR A SECOND CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

48) Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs marked and designated "1" through "47" of this Verified Complaint with the same force and effect as if more fully set forth at length herein.

49) On the 21st day of December, 2001, the parties entered into a written lease agreement concerning the subject premises.

50) Defendants' actions in failing to properly maintain the premises known as 185 Prospect Park SW, Brooklyn, New York caused the sewage backup to Plaintiffs' premises and amounted to a breach of contract.

51) Defendants have breached the lease agreement between the parties in that Defendants have failed to make necessary repairs in accordance with its contractual obligations.

52) Defendants have further breached the lease contract between the parties in unreasonably withholding and delaying consent to Plaintiff's alterations of the Premises.

53) As a result of the foregoing, Plaintiff is entitled to abatement of rent pursuant to Paragraph 4(b) of the Lease Agreement and Plaintiff is further entitled to damages for breach of contract in an amount to be proved at trial for the cost of all repairs performed at the premises at the Plaintiff's sole cost and expense.

## AS AND FOR A THIRD CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

54) Plaintiffs repeat and reiterate the allegations contained in paragraphs marked and designated "1" through "53" of this complaint with full force and effect as if more fully set forth at length herein.

55) That the Plaintiff, Asim Malik, M.D. is of Pakistani descent.

56) The corporate Plaintiff, ASIM MALIK M.D., P.C., is wholly owned by Asim Malik, M.D.

57) Upon information and belief, none of the other similarly-situated property owners in the building are of Pakistani descent.

58) Upon information and belief, the Defendants, with the exception of "Wentworth", in the application of its rules and regulations were selectively applied to Dr. Malik, compared with other residents who were similarly situated.

59) Upon information and belief, the defendants', with the exception of "Wentworth" discriminatory acts were based on impermissible considerations and were purposeful and intentionally discriminatory.

60) Upon information and belief, the defendants', with the exception of "Wentworth", treatment of plaintiff in a manner different than that afforded similarly-situated property owners was intentional, irrational, and based on their own personal animus and dislike of plaintiff.

61) In addition, and upon information and belief, the defendants' with the exception of "Wentworth" discriminatory acts were based on wholly arbitrary and irrational considerations which caused the defendants to sabotage and delay plaintiff's applications and plans to effectuate the conversion of the premises.

62) The conduct and actions of the defendants, acting under color of state law, was done intentionally, maliciously, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to and did deprive plaintiff of his right to property, liberty, due process and equal protection of the laws, all of which are afforded to Plaintiff under the First and Fourteenth Amendments to the United States Constitution.

63) The above discriminatory pattern and practice based on, among other things, plaintiff's national origin, and therefore violates 42 U.S.C. 2000d, Title VI of the Civil Rights Act of 1964, as amended, which prohibits discrimination under any program or activity receiving federal financial assistance on the ground of race, color, religion, or national origin.

64) From June 2007 to the present date, plaintiff has suffered economic and emotional harm, has incurred substantial expenses for hiring attorneys, architects, engineers, and the like in attempting to enforce his contractual rights and has suffered severe emotional distress, embarrassment, humiliation, pain, anxiety, inconvenience, and frustration, lost substantial time and energy in other personal and business endeavors, and

has lost substantial business and income as a result of the defendants' discriminatory practices.

65) Accordingly, pursuant to the Constitution of the United States of America, 42 U.S.C. 1983, and the Constitution of the State of New York, plaintiff seeks compensatory and punitive damages from the defendants to the extent allowable by law, collectively and individually, in a sum to be determined at trial but no less than $10 million dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

66) Plaintiff repeats and reiterates the allegations contained in paragraphs marked and designated "1" through "65" of this complaint with full force and effect as if more fully set forth at length herein.

67) That the Plaintiff has a property interest in and legitimate claim of entitlement to operate the medical office during normal and customary business hours, similar to other professional offices in the building.

68) The defendants infringed on plaintiff's property rights by failing to correct or prevent the damage caused by sewage issues within their building which subsequently damaged the Plaintiff's premises and led to the closing of his medical office.

69) The Defendants infringed on the Plaintiff's property rights by failing to approve building permits necessary to effectuate the conversion of the Plaintiff's premises thereby causing him substantial hardship.

70) The defendants have violated plaintiffs' substantive due process rights in violation of the Fifth and Fourteenth Amendments of the United States Constitution, Art. 1, §6 of the New York State Constitution, and applicable federal and state law.

71) Accordingly, pursuant to 42 U.S.C. 1983, plaintiffs seek compensatory and/or punitive damages from the defendants to the extent allowable by law, collectively and individually, in a sum to be determined at trial but no less than $10 million dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

72) Plaintiff repeats and reiterates the allegations contained in paragraphs marked and

designated "1" through "71" of this Verified Complaint with full force and effect as if more fully set forth at length herein.

73) The above discriminatory pattern and practice, including but not limited to defendants' selective enforcement of their policies, denied plaintiffs their right to equal protection of the local, state and federal laws.

74) By deciding more favorably and expeditiously for similarly-situated applicants who are not of Pakistani descent, the defendants intentionally subjected plaintiff to discrimination, and denied him his liberty and property rights, in violation of the New York State Constitution and the United States Constitution.

75) Defendants, with the exception of "Wentworth" knew and/or had reason to know that their actions would deprive the plaintiffs of equal protection under the laws, yet the defendants agreed to and did conspire with each other to deprive plaintiff of such rights and took actions in furtherance of said conspiracy as described herein, all in violation of 42 U.S.C 1985.

76) As a result, plaintiff was injured in his person and property and deprived of the rights and privileges he is entitled to as a matter of law.

77) Upon information and belief, none of the defendants took any actions to reverse, correct, modify, or prevent the above-described pattern and practice of discrimination against plaintiff, in violation of 42 U.S.C. 1986 which states, in part, that liability lies with anyone who has "knowledge that any of the wrongs conspired to be done, and mentioned in Section 1985 of this title, are about to be committed, and having the power to prevent or aid in preventing in the commission of the same, neglects or refuses to do so." 42 U.S.C. 1986.

78) From June 2007 to the present date, plaintiff has suffered economic and emotional harm, has incurred substantial expenses for hiring attorneys, architects, engineers, and the like in trying to renovate and repair the damage caused by Landlord's negligence and has suffered severe emotional distress, embarrassment, humiliation, pain, anxiety, inconvenience, and frustration, lost substantial time and energy in other personal and business endeavors, and has lost substantial business and income as a result of the closure of his medical office.

79) Accordingly, pursuant to 42 U.S.C. 1985, plaintiffs seek compensatory and

punitive damages from said defendants to the extent allowable by law, collectively and individually, in a sum to be determined at trial but no less than $10 million dollars.

## AS AND FOR A SIXTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

80) Plaintiff repeats and reiterates the allegations contained in paragraphs marked and designated "1" through "79" of this Verified Complaint with full force and effect as if more fully set forth at length herein.

81) That throughout the Plaintiff's tenancy within the premises the Defendants have routinely substantially and unreasonably interfered with the Plaintiff's use and enjoyment of the subject property.

82) That throughout the Plaintiff's tenancy within the premises the Defendants failed to correct or prevent the damage caused by sewage/drain issues within their building which subsequently damaged the Plaintiff's premises and ultimately led to the closing of his medical office.

83) That on or about November 5, 2007, the Defendants intentionally discontinued electrical power solely to the plaintiff's unit without the Plaintiff's consent.

84) That the Defendants have delayed and unreasonably refused to permit the Plaintiff to convert the use of the premises from commercial to residential purposes.

85) That the Defendants actions have substantially and unreasonably interfered with the plaintiff's individual use or enjoyment of the subject property of which the plaintiff actually possesses.

86) Plaintiff is entitled to damages based on the Defendants actions in substantially and unreasonably interfering with the Plaintiff's use and enjoyment of the subject property, in an amount to be determined by a trier of facts.

## AS AND FOR A SEVENTH CAUSE OF ACTION IN FAVOR OF THE PLAINTIFF

87) Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs marked and designated "1" through "86" of this Verified Complaint with the same force and effect as if more fully set forth at length herein.

88) That pursuant to the terms of the Lease Agreement, the Defendants had a duty to

maintain the premises known as 185 Prospect Park SW, Brooklyn, New York, including all common areas, drains, sewer liner and pipes located therein.

89) That pursuant to the Landlord/Tenant relationship between the Plaintiffs and Defendants, the Defendants had a duty to ensure the Plaintiff's quiet enjoyment of the premises.

90) Upon information and belief, the Defendants contracted with, selected and delegated their responsibility to maintain the subject premises, including the common areas, drains, sewer lines and pipes located therein to the Defendants, Peter Burgess Management and Wentworth Property Management, Inc.

91) That said Defendants therefore had a duty to maintain the premises and prevent any sewage/drain backups which may occur thereon.

92) That throughout the terms of the Lease, the Plaintiffs routinely notified the Defendants about sewage/drain backups occurring at the subject premises.

93) That on January 31, 2004, the Defendants forwarded a letter to the Plaintiffs acknowledging that the sewage backups occurring at the subject premises was due to a broken drain pipe and indicating that corrective measures were being taken to correct said problem.

94) That despite the Defendants representations, the sewage backup problem continued to occur, prompting additional complaints by the Plaintiffs.

95) In or around June 2007, the Plaintiff's unit suffered severe damage as a result of a backed-up sewer.

96) The Defendants' conduct in failing to correct, remedy, locate and prevent the aforementioned sewage/drain backup, despite being on notice of same, amounted to a breach of the Defendants duty owed to the Plaintiffs/Tenants.

97) That the actions of the Defendants in failing to correct, remedy, locate and prevent the aforementioned sewage backup proximately caused the damage to the Plaintiffs premises and the resulting financial damages to the Plaintiffs medical practice and loss of good will.

98) As a result of the negligence of the Defendants, the Plaintiffs have been damaged in an amount to be determined by a trier of facts.

**WHEREFORE,** Plaintiff demands judgment as follows: (i) on the first cause of action declaring that the defendant has actually partially evicted the plaintiff from the demised premises and/or appurtenances thereto, thus suspending plaintiff's obligation to pay the rent under the lease until tenant is restored to possession thereof; (ii) on the second cause of action in an amount to be determined by a trier of fact; (iii) on the third cause of action in the amount Ten Million ($10,000,000.00) Dollars; (iv) on the fourth cause of action in the amount Ten Million ($10,000,000.00) Dollars (v) on the fifth cause of action in the amount Ten Million ($10,000,000.00) Dollars; (vi) on the sixth cause of action in an amount to be determined by a trier of fact; (vii) on the seventh cause of action in an amount to be determined by a trier of fact; together with such other, further and different relief as the Court may deem just and proper.

DATED: Franklin Square, New York
       May 7, 2009

                   Yours etc.,
                   **LAW OFFICES OF ARDITO &**
                   **ARDITO, LLP**

          By: _____
                   JOHN A. ARDITO, ESQ.
                   Counsel for Plaintiff
                   659 Franklin Avenue
                   Franklin Square, New York 11010
                   (516) 825-0500

STATE OF NEW YORK, COUNTY OF                                                    ss:

, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐    certify that the annexed
**Attorney's**     has been compared by me with the original and found to be a true and complete copy thereof.
**Certification**

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

☐                    . I have read the annexed
**Attorney's**     know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information
**Verification**   and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon
**by**
**Affirmation**    knowledge, is based upon the following.

The reason I make this affirmation instead of                                is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:                                                                          ........................................................................
                                                                                    *(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                    ss:

        Asim Malik M.D.                          being sworn says: I am Plaintiff

☒    in the action herein; I have read the annexed   the Verified Complaint
**Individual**     know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
**Verification**   information and belief, and as to those matters I believe them to be true.

        the                                           of
☐    a corporation, one of the parties to the action; I have read the annexed
**Corporate**      know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
**Verification**   information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

        conversations and review of records.

Sworn to before me on  May 8, 2009

        JOHN A. ARDITO                                   ASIM MALIK, MD        *(Print signer's name below signature)*
        NOTARY PUBLIC, STATE OF NEW YORK
        NO. 30-4983699
        QUALIFIED IN NASSAU COUNTY
STATE OF NEW YORK, COUNTY OF COMMISSION EXPIRES JULY 8, 2011     ss:
                                                        being sworn says: I am not a party to the action, am over 18 years of

age and reside at
        On                                          , I served a true copy of the annexed
                                                        in the following manner:

☐    by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service
**Service**      within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:
**by Mail**

☐    by delivering the same personally to the persons at the address indicated below:
**Personal**
**Service**

☐    by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the
**Service by**   attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received,
**Electronic**   and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the
**Means**        U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐    by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time
**Overnight**    designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:
**Delivery**
**Service**

Sworn to before me on

*Index No.* 2049/2009          *Year 20*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

ASIM MALIK M.D., P.C. and ASIM MALIK, MD as member of the AMM PROSPECT PARK
FAMILY LIMITED PARTNERSHIP

Plaintiff,

-against-

LAKEVIEW OWNERS CORP., CHRISTINE PRESTIA, RICHARD LEVINE, CYNTHIA ISAACS
BOARD OF DIRECTORS OF THE LAKEVIEW OWNERS CORP, PETER BURGESS MANAGEMENT,
and WENTWORTH PROPERTY MANAGEMENT, INC..., 

Defendants.

VERIFIED COMPLAINT

**Law Offices of**
**ARDITO & ARDITO, LLP**

*Attorneys for*          Plaintiff

659 FRANKLIN AVENUE
FRANKLIN SQUARE, NY 11010
(516) 825-0500

*Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.*

*Dated:* May 8, 2009          Signature ...........................................

Print Signer's Name   JOHN A. ARDITO, ESQ.

*Service of a copy of the within* ........................................................ *is hereby admitted.*

*Dated:*

*Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within-named Court on*          *20*
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                              *, one of the judges of the within-named Court,*
SETTLEMENT   *at*
*on*                    *20*      *, at*          *M.*

*Dated:*

**Law Offices of**
**ARDITO & ARDITO, LLP**

*Attorneys for*

659 FRANKLIN AVENUE
FRANKLIN SQUARE, NY 11010

*To:*